690 S.E.2d 72

In the Matter of GREENVILLE COUNTY MAGISTRATE
James E. HUDSON, Respondent.

No. 26767.

Supreme Court of South Carolina.

Submitted Jan. 20, 2010.

Decided Feb. 8, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Beattie B. Ashmore, Beattie B. Ashmore, PA, of Greenville.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction up to a ninety (90) days suspension pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a ninety (90) day suspension, retroactive to September 11, 2009, the date of respondent's interim suspension. The facts as set forth in the agreement are as follows.

## FACTS

Respondent's clerk was arrested and charged with forgery and embezzlement in excess of $5,000.00. As a result, respondent relied on another staff member to reconcile his civil and criminal accounts. Respondent believed the accounts were being properly reconciled. Respondent has since learned the accounts were not properly reconciled in accordance with the South Carolina Supreme Court's Orders on Financial Accounting. In particular, respondent learned that, on a number of occasions, the deposit slip totals and daily deposit totals did not match, cash was removed from deposits and replaced with checks, checks were not always included on the daily deposit slip, and money and checks were not always promptly deposit-

ed. When respondent became aware of the financial discrepancies, he reported the matter for investigation.

Respondent submits he believed the reports were being properly reconciled because he was never contacted by anyone from the Treasurer's Office or the County Finance Office about the reports. Respondent is remorseful and realizes that, if he had taken a more proactive role in reviewing the documentation regarding his accounts, he might have noticed the discrepancies sooner. Respondent submits that, in the future, he will be more involved in seeing that his office properly complies with the South Carolina Supreme Court's Orders on Financial Accounting.

## LAW

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct: Canon 3 (judge shall perform the duties of judicial office diligently); Canon 3(C)(1) (judge shall diligently discharge his administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration and should cooperate with other judges and court officials in the administration of court business); and Canon 3(C)(2) (judge shall require staff to observe the standards of fidelity and diligence that apply to the judge). By violating the Code of Judicial Conduct, respondent admits he has violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We find respondent's misconduct warrants a suspension from judicial office. We therefore accept the Agreement for Discipline by Consent and suspend respondent from his judicial duties for ninety (90) days, retroactive to September 11, 2009, the date of his interim suspension.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.